IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MICHAEL McNEILL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:08CV209 |
| | ) | |
| THEODIS BECK, Secretary, North | ) | |
| Carolina of Department of Correction, | ) | |
| | ) | |
| Respondent. | ) | |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Michael McNeill, a prisoner of the State of North Carolina, on September 14, 2000, in the Superior Court of Durham County, was convicted following trial by jury of first-degree arson. He was sentenced to a term of 107 to 138 months in prison. Petitioner appealed his conviction, but the North Carolina Court of Appeals found no error. *State v. McNeill*, No. COA01-616, 2002 WL 276229 (N.C. App. Feb. 5, 2002) (unpublished)(slip op. at Docket No. 6, Ex. 1). Thereafter, Petitioner filed a *pro se* notice of appeal to the Supreme Court of North Carolina. That court dismissed the appeal on April 4, 2002. *State v. McNeill*, 355 N.C. 352 (2002).

On or about October 12, 2006, Petitioner McNeill filed a *pro se* Motion for Appropriate Relief ("MAR") in state superior court. The superior court denied the MAR on

October 19, 2006. Petitioner sought certiorari review by the North Carolina Court of Appeals, but that court denied certiorari on November 6, 2006.

Petitioner submitted his federal habeas corpus petition to this court on March 24, 2008. Respondent ("the State") has filed a motion to dismiss the petition (Docket No. 5), and the motion is ready for a ruling.

## Claims of the Petition

In his petition, Petitioner McNeill contends that (1) the State failed to produce sufficient evidence to support his conviction for arson, (2) the trial court failed to examine certain records to determine whether they were favorable to Petitioner and subject to discovery, (3) the State failed to comply with discovery requirements, and (4) there is newly-discovered evidence.

## Discussion

As a threshold defense, the State contends that the habeas petition of Michael McNeill should be dismissed as time-barred under the one-year statute of limitations applicable to habeas actions. *See* 28 U.S.C. § 2244(d). For reasons set forth below, the Court concludes that the State's argument is well-taken, and that this action should be dismissed pursuant to section 2244(d).

Petitioner McNeill's federal habeas petition was due within one year after the date his state-court conviction became final. In this case, Petitioner's conviction became final, at the latest, on or about July 4, 2002, ninety days (the time within which to request certiorari from

the United States Supreme Court; *see* Sup.Ct. R. 13(1)) after the Supreme Court of North Carolina dismissed his appeal. Therefore, Petitioner McNeill had until approximately July 4, 2003 in which to file a timely habeas petition in federal court, unless the statute of limitations was tolled by some action of Petitioner. He did not file his petition until March 24, 2008.

Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." However, Petitioner did not seek State post-conviction review until October 12, 2006, when he filed his MAR. This date is more than three years *after* the habeas limitation period applicable to his claims had already run. It is well settled that a state-court motion for collateral relief that is filed after the federal deadline has expired does not serve to toll a petitioner's one-year period of limitation. *See Minter v. Beck*, 230 F.3d 663, 665 (4th Cir. 2000). Nor has Petitioner shown any other basis under 28 U.S.C. § 2244(d)(1) or (2) why the limitations period in this case could be extended to any date beyond July 4, 2003.

In his petition, Petitioner says that he believed he needed an attorney to file a habeas petition, and he had been waiting to attempt to earn enough money to hire an attorney. This explanation, however, states no basis for statutory tolling of the statute of limitations, and is not an extraordinary circumstance that would call for equitable tolling. *See generally Marsh v. Soares*, 223 F.3d 1217 (10th Cir. 2000)(ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse an untimely filing); and *Harris v. Hutchinson*, 209

F.3d 325, 330 (4th Cir. 2000)(to invoke equitable tolling petitioner must show diligent pursuit of his rights and some extraordinary circumstance that stood in his way).

For reasons set forth above, the Court concludes that Petitioner's § 2254 petition filed in this court is time-barred and must be dismissed.

Conclusion

Accordingly, **IT IS RECOMMENDED** that the State's motion to dismiss (Docket No. 5) be granted and that this action be dismissed with prejudice. For all of the above reasons, **IT IS FURTHER RECOMMENDED** that Petitioner's motion for release pending a hearing (Docket No. 10) be denied.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: June 13, 2008